IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RICHARDS,<br><br>        Plaintiff,<br><br>  v.<br><br>NEW CENTURY MORTGAGE CORPORATION,<br><br>        Defendant.                        / | No. C-10-01267 EDL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING REQUEST FOR FEES AND COSTS, AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS** |

       On February 19, 2010, Plaintiff George Richards filed a complaint in the Marin County Superior Court against Defendants New Century Mortgage, Mortgage Electronic Registration Systems, Atlantic & Pacific Foreclosure Services, Wells Fargo Bank as trustee for Carrington Mortgage Loan Trust, Series 2006-NCS Asset-Backed Pass-Through Certificates, and Carrington Mortgage Services. The complaint alleges eleven state law causes of action arising from a mortgage transaction. Defendants Wells Fargo Bank as trustee for Carrington Mortgage Loan Trust, Series 2006-NCS Asset-Backed Pass-Through Certificates, and Carrington Mortgage Services ("Defendants") were served on February 24, 2010, and removed the action to this Court based on federal question jurisdiction on March 25, 2010.

       Defendants filed a motion to dismiss on April 1, 2010. On April 5, 2010, Plaintiff filed a motion to remand, and also sought costs and fees in the amount of $5,000. The Court held a hearing for both motions on May 11, 2010.

       As stated at the hearing, the fact that Plaintiff's complaint mentions several federal statutes does not establish federal subject matter jurisdiction. See, e.g., Fardella v. Downey Savings & Loan Ass'n, 2001 WL 492442 (N.D. Cal., May 9, 2001) (granting motion to remand where federal law is not necessary to decide California Business and Professions Code section 17200 claim because the

plaintiff could prevail by showing a violation of federal or state law); Coleman v. Beazer Homes Corp., 2008 WL 1848653, at *4 (W.D. N.C. Apr. 23, 2008) ("While the Defendants may be correct that the disclosure requirements of TILA and RESPA may be implicated by the Plaintiffs' claims, the existence of such federal issues does not confer federal-question jurisdiction in this case. 'It is not sufficient to show that a state law claim simply touches upon or implicates a federal issue, but rather determination of the federal issue must be necessary to resolve the claim.' California v. H & R Block, Inc., No. C 06-2058, 2006 WL 2669045, at *4 (N.D. Cal. Sep. 18, 2006) (emphasis in original)."). Further, at the hearing, Plaintiff agreed to forego his claim based on California Business and Professions Code section 17200. Accordingly, Plaintiff's Motion to Remand is granted conditioned on Plaintiff's dismissal of the section 17200 claim. Plaintiff's request for attorney's fees is denied. In light of the order to remand, Defendants' Motion to Dismiss is denied as moot.

**IT IS SO ORDERED.**

Dated: May 11, 2010

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

2